UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MORENO, et al., )<br>)<br>  Plaintiff(s), )<br>)<br>  v. )<br>)<br>CANYON SPRING ENTERPRISES, )<br>a California Corp., and )<br>ROBERT STANLEY HAMILTON, )<br>an Individual, )<br>)<br>  Defendant(s). )<br>⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ ) | No. C04-4772 BZ<br><br>**ORDER RE: JUNE 15, 2005<br>HEARING ON PLAINTIFFS'<br>MOTION FOR DEFAULT<br>JUDGMENT** |

**IT IS HEREBY ORDERED** that James P. Watson appear at the hearing on plaintiffs' motion for default judgment scheduled for June 15, 2005, at 10:00 a.m.  Mr. Watson should be prepared to address the following issues:

<u>Unpaid Contributions</u>

1. Have defendants made any payments since plaintiffs' filed their supplemental papers?

2. For which months did defendants fail to pay contributions to plaintiffs and what is the amount of contributions that defendants failed to make for each

1

1 | of these months?
2 | 3. How did plaintiffs calculate the amount of delinquent
3 | contributions set forth on the chart on page 1 of
4 | exhibit A of the Watson declaration in support of
5 | plaintiffs' motion for default judgment?  How does it
6 | relate to the other documents provided in exhibit A?

Interest

8 | 4. What interest rate did plaintiffs use to calculate the
9 | interest requested in paragraph 8 of the Watson
10 | declaration?  Is the interest based solely on the
11 | unpaid contributions?  Without knowing the amount of
12 | unpaid contributions for August 2003 through March
13 | 2004, and December and January 2005, how should I
14 | determine whether his calculations are correct?
15 | 5. Why does the amount of interest ($6,869.62) sought
16 | pursuant to 29 U.S.C. § 1132(g) in paragraph 8 of the
17 | Watson declaration substantially differ from the
18 | amount of interest ($3,042.26) sought in paragraph 5?

Liquidated Damages

20 | 6. Why is the total amount of liquidated damages
21 | requested in the supplemental declaration ($9,719.62)
22 | more than three times the amount sought in the
23 | original motion ($3,042.26)?
24 | 7. On what basis do plaintiffs seek 1.5% in additional
25 | interest on unpaid contributions and $150 per month as
26 | liquidated damages?  See Watson Decl. ¶ 5, Exs. B, C.
27 | 8. Without knowing the amount of unpaid contributions
28 | owed for August 2003 through March 2004, and December

2

1     and January 2005, how should I determine whether the
2     liquidated damages have been calculated correctly for
3     these months?

<u>Audit</u>

9. The complaint states that under "the terms and conditions of the trust agreements and Master Agreement, which expressly incorporates the trust agreements, defendants are required to allow plaintiffs access to their books and records to determine the amount of trust fund contributions due and owing." Compl. ¶ 17.

   a. Where is the term that provides for an audit of defendants' books and records?

   b. Which "trust agreements" are incorporated in the Master Agreement?

   c. On what basis do plaintiffs seek an audit from October 1, 2002, to present?

Dated: June 10, 2005

                    /s/Bernard Zimmerman
                    Bernard Zimmerman
                  United States Magistrate Judge

G:\BZALL\-BZCASES\MORENO\QUESTIONS.wpd

3