UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MORENO, et al., <br>       Plaintiff(s), <br>   v. <br> CANYON SPRING ENTERPRISES, a California Corp., and ROBERT STANLEY HAMILTON, an Individual, <br>       Defendant(s). | No. C04-4772 BZ <br><br> **REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT** |

    Before me is plaintiffs' motion for entry of default judgment against defendants Canyon Springs Enterprises ("Canyon Springs") and Robert Stanley Hamilton. Defendants have never appeared in this action and did not respond to plaintiffs' motion. As defendants have not consented to my jurisdiction, the following is a report and recommendation for entry of default judgment.

    On November 10, 2004, plaintiffs filed a complaint under § 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), and § 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132.  The

1

complaint alleges that defendants violated a collective bargaining agreement that required defendants to make regular contributions and to submit reports of its employees' work hours to the Laborers Health and Welfare Trust Fund for Northern California, the Laborers Vacation-Holiday Trust Fund for Northern California, the Laborers Pension Trust Fund for Northern California, and the Laborers Training and Retraining Trust Fund for Northern California (collectively, "Trust Funds"), which plaintiffs administer.[1]  Compl. ¶¶ 3, 8-9. According to the complaint, the collective bargaining agreement obligates defendants to pay regular monthly contributions for all of its employees covered by the Trust Funds and also binds defendants to the provisions of the Memorandum Agreement with the Northern California District Council of Day Laborers ("Memorandum Agreement") and the Laborers' Master Agreement for Northern California ("Laborers' Master Agreement").  Id. at ¶8.  The complaint seeks $32,024.47 in damages, plus attorneys fees and costs.  The complaint also requests an audit of defendants' books and records.

    Plaintiffs effected service of process on December 9, 2004.  Defendants failed to answer the complaint or otherwise defend the action.  On February 7, 2005, upon plaintiffs' request, the Clerk of this court entered defendants' default under Rule 55(a).  By its default, defendants are deemed to have admitted the well-pleaded averments of the complaint

---

[1] In their motion, plaintiffs only seek relief pursuant to 29 U.S.C. § 1132(g).

2

except those as to the amount of damages.  <u>See</u> Fed. R. Civ. P. 8(d).

A court may not enter a default judgment against an unrepresented minor, an incompetent person, or a person in military service.  <u>See</u> Fed. R. Civ. P. 55(b)(2); 50 App. U.S.C. § 521.  The corporate defendant, Canyon Springs, is not subject to this limitation.  Although plaintiffs allege that Hamilton owns, operates, and controls Canyon Springs, they have not established that he is a competent adult not in military service, even though they were reminded of this requirement in my scheduling order.  <u>See</u> Fed. R. Civ. P. 55(b)(2); 50 App. U.S.C. § 521.  I therefore recommend that plaintiffs' motion for default judgment with respect to Hamilton be denied.

Pursuant to Rule 55(b)(2), the court may enter a default judgment against a party against whom default has been entered.  The decision to grant or deny a default judgment under Rule 55(b) is within the discretion of the Court.  <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  A formal hearing is not required for a court to render a default judgment.  <u>Davis v. Fendler</u>, 650 F.2d 1154 (9th Cir. 1981).

Section 1132(g) of ERISA provides that in an action to enforce payment of delinquent contributions:

> the court shall award the plan -
>   (A) the unpaid contributions,
>   (B) interest on the unpaid contributions,
>   (C) an amount equal to the greater of –
>     (I) interest on the unpaid contributions, or
>     (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent. . . of the amount determined by the

3

>       court under subparagraph (A),
> (D) reasonable attorney's fees and costs.

29 U.S.C. § 1132(g)(2).  An award under section 1132(g)(2) is mandatory if:  (1) the employer is delinquent at the time the action is filed; (2) the district court has entered a judgment against the employer; and (3) the plan provides for such an award.  <u>Northwest Adm'rs, Inc. v. Albertson's, Inc.</u>, 104 F.3d 253, 257 (9th Cir. 1996) (citing <u>Idaho Plumbers and Pipefitters Health and Welfare Fund v. United Mechanical Contractors</u>, Inc., 875 F.2d 212, 215-16 (9th Cir. 1989).  A mandatory award is available under section 1132(g)(2) "notwithstanding the defendant's post-suit, pre-judgment payment of the delinquent contributions."  See <u>Northwest Adm'rs, Inc.</u>, 104 F.3d at 258 (quoting <u>Carpenters Amended and Restated Health Benefit Fund v. John W. Ryan Constr. Co., Inc.</u>, 767 F.2d 1170, 1175 (5th Cir. 1985)); see also <u>Iron Workers Dist. Council v. Hudson Steel Fabricators & Erectors, Inc.</u>, 68 F.3d 1502, 1507 (2nd Cir. 1995); <u>Bd. of Trs. of the Sheet Metal Workers v. Gen. Facilities, Inc.</u>, 2003 WL 1790837, at *2 (N.D. Cal. March 31, 2003) (citing <u>Carpenters & Joiners Welfare Fund v. Gittleman Corp.</u>, 857 F.2d 476, 478 (8th Cir. 1988)).  "[A] plaintiff may receive judgment for contributions which became due after the lawsuit was filed and remain unpaid at the time of judgment."  See <u>Bd. of Trs. of the Sheet Metal Workers</u>, 1790837 at *2.  Plaintiffs have satisfied the statutory requirements and are entitled to relief for all unpaid contributions that have not yet been satisfied.  See <u>Iron Workers Dist. Council</u>, 68 F.3d at 1507.

Plaintiffs have the burden of proving damages through testimony or written affidavit. Prior to the May 4, 2004 hearing, plaintiffs submitted the declaration of James P. Watson ("Watson Decl."), plaintiffs' counsel, that summarily stated the amounts due and owing, and contained insufficient documentation to support plaintiffs' damages. At the hearing on May 4, 2005, I granted Watson leave to submit a supplemental declaration detailing plaintiffs' damages calculations. On May 18, 2005, plaintiffs filed supplemental papers, including a supplemental declaration from Watson. See Declaration of James P. Watson in Supp. of Pls.' Mot. for Entry of Default Judgment filed on May 18, 2005 ("Watson Supp. Decl."). Watson's supplemental declaration contained amounts that were inconsistent with plaintiffs' previous damages request, and again failed to adequately explain plaintiffs' damages calculations. I ordered Watson to personally appear on June 15, 2005, at 10:00 a.m., and to be prepared to answer a list of specific questions regarding plaintiffs' damages request. Watson failed to appear at the hearing, as ordered, apparently due to an inadvertent error within his law firm. I continued the hearing to 1:30 p.m., at which time Watson appeared. As Watson was unable to answer the questions that I had ordered him to be prepared to answer, I again granted plaintiffs' leave to file supplemental papers.

On June 29, 2005, plaintiffs filed a supplemental memorandum; the declaration Andrea J. Kirkpatrick in support of plaintiffs' motion for entry of default judgment and supplemental briefing in connection therewith ("Kirkpatrick

Decl."); and the declaration of John Hagan in support of plaintiffs' motion for entry of default judgment and supplemental briefing in connection therewith ("Hagan Decl."). Kirkpatrick is counsel for plaintiffs and Hagan is the manager of the Accounts Receivable Department for the Laborers' Funds Administrative Office of Northern California, which provides administrative services for the Trust Funds. See Kirkpatrick Decl. ¶ 1; Hagan Decl. ¶ 1.  As part of his duties the manager of the Accounts Receivable Department, Hagan monitors employer compliance with collective bargaining agreements underlying the Trust Funds and oversees the records of employer's enrollment, submission of monthly employer reports, and employer's payment of monthly fringe benefit contributions. Hagan Decl. ¶ 1.

Based on the declarations submitted, plaintiffs have established that Canyon Springs failed to make contributions to the Trust Funds, as required by Section 28 of the Laborers' Master Agreement, in the amount of $32,024.47.  Watson Decl. at ¶ 4; Watson Supp. Decl. ¶ 4; Hagan Decl. ¶ 3, Ex. A. Factoring in payments made by defendants since filing this lawsuit, Canyon Springs still owes a total of $9,288.28 in unpaid contributions for April through June 2004 and February 2005.  Hagan Decl. ¶ 5, Exs. B-F.  I recommend that plaintiffs recover $9,288.28 in unpaid contributions from Canyon Springs for these months.

Plaintiffs also request $6,869.62 in interest on the unpaid contributions through March 25, 2005.  Under section 1132(g)(2)(B), the Trust may recover interest on unpaid

6

1  contributions.  See 29 U.S.C. § 1132(g)(2)(B).  Interest is
2  calculated based on the rate provided for under the plan, or,
3  if none, the rate prescribed under section 6621 of Title 26.
4  See 29 U.S.C. § 1132(g)(2).  Section 28A of the Laborers'
5  Master Agreement provides for interest on delinquent
6  contributions at the rate of one and one-half percent.  See
7  Hagan Decl., Ex. A.  Based on this rate, plaintiffs are
8  entitled to $6,869.62 in interest.  See id. at ¶¶ 11, 13-14,
9  Exs. G, H.  I recommend that they recover this amount from
10 Canyon Springs.

11     Plaintiffs seek $2,850.00 in liquidated damages.  Section
12 1132(g)(2)(C) provides that plaintiffs may recover "an amount
13 equal to the greater of – (I) interest on the unpaid
14 contributions, or (ii) liquidated damages provided for under
15 the plan in an amount not in excess of 20 percent."  See 29
16 U.S.C. § 1132(g)(2)(C).  The Laborers' Master Agreement
17 provides for liquidated damages at a flat rate of $150.00 per
18 month.  See Hagan Decl., Ex. B.  Plaintiffs have demonstrated
19 that they are entitled to liquidated damages for August 2003
20 through July 2004 and September 2004 through March 2005.
21 See id., ¶ 12, Exs. G, H.  The $150.00 flat fee for each of
22 these months does not exceed 20 percent of the unpaid
23 contributions.  See Kirkpatrick Decl. ¶ 8, Ex. B; Hagan Decl.
24 ¶¶ 12-14, Exs. G, H.  I therefore recommend that plaintiffs
25 recover $2,850.00 in liquidated damages from Canyon Springs.

26     Plaintiffs also seek $2,812.50 in attorneys' fees and
27 $381.90 in costs.  Reasonable attorneys' fees and costs of the
28 action may be awarded to a Trust Fund that receives a judgment

7

1  in its favor.  See 29 U.S.C. 1132(g)(2)(D).  Watson calculates
2  that through March 14, 2005, he spent 12.5 hours prosecuting
3  this action at a rate of $225.00 per hour.  See Watson Supp.
4  Decl. ¶¶ 8-9, Ex. E.  His time primarily consisted of
5  reviewing plaintiffs' records, and drafting the complaint,
6  this motion, and the supporting declarations.  This time was
7  reasonable and necessary to obtain a default judgment in his
8  clients' favor, and is therefore recoverable.  See id.  The
9  rate charged is reasonable in relation to the work performed.
10 See id. ¶¶ 1,3,7; Ex. E.  Plaintiffs also incurred $381.90 in
11 costs primarily consisting of filing fees and costs associated
12 with service of documents.  See id. ¶ 6, Ex. D.  Although
13 plaintiffs have spent a number of additional hours on this
14 case since the March 14, 2005, they have not requested
15 attorney's fees or costs for this time.  Plaintiffs' request
16 for $2,812.50 in attorneys' fees and $381.90 in costs against
17 Canyon Springs is reasonable and should be awarded.
18     Plaintiffs also request that defendants submit to an
19 audit to determine the extent of defendants' delinquency.
20 Where a collective bargaining agreement grants the right to
21 audit the employer's books, that right shall be enforced.
22 Cent. States, Southeast and Southwest Areas Pension Fund v.
23 Cent. Transp., Inc., 472 U.S. 559, 581 (1985).  Section 7 of
24 the Laborers' Master Agreement provides for an audit of
25 defendant Canyon Springs' books and records.  Kirkpatrick
26 Decl., ¶ 7, Ex. A.  I therefore recommend that Canyon Springs
27 be required to submit to an audit under the conditions
28 expressed in the Laborers' Master Agreement.

1   For the foregoing reasons, I recommend that judgment be
2 entered in plaintiffs' favor against Canyon Springs for total
3 award of $22,202.30.  This amount includes:  $9,288.28 in
4 unpaid contributions, $6,869.62 in interest on unpaid
5 contributions, $2,850.00 in liquidated damages, $2,812.50 in
6 attorneys' fees, and $381.90 in costs.  I further recommend
7 that Canyon Springs submit to an audit under the conditions
8 expressed in the Laborers' Master Agreement.  I recommend that
9 plaintiffs motion for default judgment with respect to Robert
10 Stanley Hamilton be denied.
11 Dated:  July 15, 2005

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\MORENO\ORDER2.wpd

9